UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

KEITH HEYWARD,

                                        Plaintiff,

        -against-

CITY OF NEW YORK, SALVATORE SACCO, Individually,
JEFFREY ANDERSON, Individually, JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

14 CV 5438
(SLT) (MDG)

<u>Jury Trial Demanded</u>

        Plaintiff KEITH HEYWARD, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

## <u>JURISDICTION</u>

        2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## <u>VENUE</u>

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff KEITH HEYWARD is a twenty-eight year old African American man

residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants

SALVATORE SACCO, JEFFREY ANDERSON, and JOHN and JANE DOE 1 through 10,

were duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

## **FACTS**

12.     On June 29, 2012, at approximately 3:30 p.m., plaintiff KEITH HEYWARD was lawfully present in the parking lot in the vicinity of 85 Holland Avenue, Staten Island, New York, when the defendant NYPD officers SALVATORE SACCO and JEFFREY ANDERSON stopped and questioned HEYWARD as to his presence in the parking lot.

13.     HEYWARD explained that he was on his way to 85 Holland Avenue, Apt. 7k, where his daughter resides with her mother, Natasha Rayford.

14.     The defendant officers did nothing to confirm HEYWARD'S lawful presence at the location.

15.     The defendant officers instead placed HEYWARD in handcuffs, searched him, and arrested him.

16.     The defendant officers imprisoned HEYWARD in a police vehicle, transported him to the NYPD's 120th precinct station house and imprisoned him therein.

17.     The defendant officers imprisoned HEYWARD until June 30, 2012 when HEYWARD was arraigned in Richmond County Criminal Court on baseless charges filed under docket number 2012RI005951; said charges having been filed based on the false allegations of defendant SALVATORE SACCO that HEYWARD had purportedly trespassed in the rear of 65 Holland Avenue, Staten Island, New York.

18.     The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against HEYWARD for collateral objectives, to wit: for professional advancement, to meet quotas, overtime compensation, and/or other objectives outside the ends of justice.

3

19.     Defendant SALVATORE SACCO created and manufactured false evidence against HEYWARD and used same against him in said legal proceeding.  Specifically, defendant SACCO swore to false allegations that HEYWARD had trespassed in the rear of 65 Holland Avenue and falsely alleged that HEYWARD stated that he "forgot the address and number" of the person he was visiting.

20.     In fact, HEYWARD was arrested by SACCO in a parking lot in the vicinity of 85 Holland Avenue and HEYWARD told SACCO, in sum and substance, that he was on his way to visit with his daughter who lived with her mother at 85 Holland Avenue, Apt. 7k.

21.     As a result of the malicious prosecution, HEYWARD was compelled to return to court on seven dates until June 18, 2013, when all the charges lodged against him were dismissed and sealed.

22.     Defendants SALVATORE SACCO, JEFFREY ANDERSON, and JOHN and JANE DOE 1 through 10 either directly participated in the above conduct or failed to intervene, despite a reasonable opportunity to do so.

23.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a practice of falsification, the inadequate screening, hiring, retaining, training, and supervising of its employees, due to an unconstitutional practice of conducting stop, question and frisk and/or trespass enforcement, and in particular insufficiently training officers with regard to the investigation of suspected trespassers, and due to discrimination against plaintiff based on his race.

24.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs

4

Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers are insufficiently trained regarding the investigation of trespassers and unlawfully arrest individuals who are lawfully present on housing premises which they have contracts to patrol, disproportionately stop individuals due to discrimination against them based on their race and/or nationality, and engage in a practice of falsification to cover up their abuse of authority.

25.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

26.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.    As a result of the foregoing, plaintiff KEITH HEYWARD sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

28.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29.    All of the aforementioned acts of defendants, their agents, servants and employees

5

were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff KEITH HEYWARD, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

33. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

34. As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendants arrested plaintiff KEITH HEYWARD without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

37.     Defendants caused plaintiff KEITH HEYWARD to be falsely arrested and unlawfully imprisoned.

38.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff KEITH HEYWARD.

41.     Defendants caused plaintiff KEITH HEYWARD to be prosecuted without any probable cause until the charges were dismissed on or about June 18, 2013.

42.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

43.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

7

paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.     Defendants created false evidence against plaintiff KEITH HEYWARD.

45.     Defendants utilized this false evidence against plaintiff KEITH HEYWARD in legal proceedings.

46.     As a result of defendants' creation and use of false evidence, plaintiff KEITH HEYWARD suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

47.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.     Defendants issued criminal process against plaintiff KEITH HEYWARD by causing his arrest and prosecution in Richmond County Criminal Court.

50.     Defendants caused plaintiff KEITH HEYWARD to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

51.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

52.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    The defendants falsely arrested, maliciously prosecuted, and deprived plaintiff KEITH HEYWARD of his right to fair trial because of the plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD officers.

54.    As a result of the foregoing, plaintiff KEITH HEYWARD was deprived of his rights under the Equal Protection Clause of the United States Constitution.

55.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

56.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.    Defendants had an affirmative duty to intervene on behalf of plaintiff KEITH HEYWARD, whose constitutional rights were being violated in their presence by other officers.

58.    The defendants failed to intervene to prevent the unlawful conduct described herein.

59.     As a result of the foregoing, plaintiff KEITH HEYWARD'S liberty was restricted for an extended period of time, he was maliciously prosecuted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

60.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

63.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

66.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in stop question and frisk without any legitimate basis other than race, engaging in improper trespass enforcement practices, and arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KEITH HEYWARD'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

67.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KEITH HEYWARD.

68.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KEITH HEYWARD as alleged herein.

69.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KEITH HEYWARD as alleged herein.

70.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KEITH

HEYWARD was unlawfully arrested, deprived of his right to fair trial, and maliciously issued criminal process.

71.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KEITH HEYWARD'S constitutional rights.

72.     All of the foregoing acts by defendants deprived plaintiff KEITH HEYWARD of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from malicious prosecution;

        D.     To be free from the failure to intervene;

        E.     To be free from deprivation of his right to fair trial;

        F.     To be free from malicious abuse of process; and

        G.     To receive equal protection under law.

73.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

74.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts

and information required under the General Municipal Law 50-e.

76. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

77. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

78. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

79. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Defendants initiated, commenced and continued a malicious prosecution against plaintiff KEITH HEYWARD.

81. Defendants caused plaintiff KEITH HEYWARD to be prosecuted without probable cause until the charges were dismissed on or about June 18, 2013.

82. As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

13

84.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

85.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

86.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

87.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KEITH HEYWARD.

88.     As a result of the aforementioned conduct, plaintiff KEITH HEYWARD suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

89.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff KEITH HEYWARD.

92.     Defendant CITY OF NEW YORK knew, or should have know in the exercise of

14

reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

93.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiff KEITH HEYWARD.

96.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct

described herein.

99.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

100.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

102.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §11)

103.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.     As a result of defendants' conduct, plaintiff KEITH HEYWARD was deprived of his right to equal protection of laws.

105.     As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

106.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "105" with the same force and effect as if fully set forth herein.

107.    As a result of defendants' conduct, plaintiff KEITH HEYWARD was deprived of his right to security against unreasonable searches, seizures, and interceptions.

108.    As a result of the foregoing, plaintiff KEITH HEYWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KEITH HEYWARD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       February 19, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff KEITH HEYWARD
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

KEITH HEYWARD,

                                    Plaintiff,

              -against-

CITY OF NEW YORK, SALVATORE SACCO, Individually,
JEFFREY ANDERSON, Individually, JOHN and JANE
DOE 1 through 10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                      Defendants.

------------------------------------------------------------------------------X

14 CV 5438
(SLT) (MDG)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100